1

2

3

4

5

6

7

8

9          UNITED STATES DISTRICT COURT

10         EASTERN DISTRICT OF CALIFORNIA

11              ----oo0oo----

12  ZURICH AMERICAN INSURANCE          NO. CIV. 2:10-1957 WBS KJN
    COMPANY; AMERICAN GUARANTEE
13  AND LIABILITY INSURANCE
    COMPANY; and AMERICAN ZURICH       ORDER RE: REQUEST FOR BRIEFING
14  INSURANCE COMPANY,                 AND CONTINUANCE OF HEARING

15          Plaintiffs,

16      v.

17  TRANS CAL ASSOCIATES; TRANS
    CAL INSURANCE ASSOCIATES,
18  INC.; SACRAMENTO SURPLUS LINES
    INSURANCE BROKERS, INC.; MARK
19  SCOTT; GRAY SCOTT; and DOES
    1-50,
20
            Defendants,
21  _____/

22  AND RELATED COUNTERCLAIMS AND
    THIRD-PARTY COMPLAINT.
23  _____/

24              ----oo0oo----

25

26      Plaintiffs Zurich American Insurance Company, American

27  Guarantee and Liability Insurance Company, and American Zurich

28  Insurance Company filed a complaint against defendants Trans Cal

                           1

1  Associates, Trans Cal Insurance Associates, Inc. ("Trans Cal
2  Insurance"), Sacramento Surplus Lines Insurance Brokers, Inc.
3  ("Sacramento Surplus"), Mark Scott, and Gray Scott, arising from
4  defendants' alleged failure to remit over $1.1 million in
5  insurance premiums that defendants had allegedly collected for
6  plaintiffs.  Plaintiffs and third-party defendant Zurich American
7  Insurance Company of Illinois have filed a motion to strike Trans
8  Cal Associates, Trans Cal Insurance, and Sacramento Surplus's
9  answer and Trans Cal Associates's cross-complaint and to enter
10  their default for failure to retain counsel.  (Docket No. 70.)
11  Individual defendant Mark Scott, proceeding pro se, filed an
12  untimely opposition to the motion in which he informed the court
13  that he filed Chapter 7 bankruptcy on June 21, 2011, and states
14  that his "information" is that his brother, defendant Gray Scott,
15  also filed for bankruptcy.  (Docket No. 72.)

16      The automatic stay of 11 U.S.C. § 362(a)(1) prohibits
17  the "commencement or continuation . . . of a judicial,
18  administrative, or other action or proceeding against the debtor
19  that was or could have been commenced before the commencement of
20  the case under this title, or to recover a claim against the
21  debtor that arose before the commencement of the case under this
22  title."  11 U.S.C. § 362(a)(1).  Section 362(a)(2) prohibits "any
23  act to obtain possession of property of the estate or of property
24  from the estate or to exercise control over property of the
25  estate."  Id. § 362(a)(2).

26      "In the absence of special circumstances, stays
27  pursuant to section 362(a) are limited to debtors and do not
28  include [claims against] non-bankrupt co-defendants."

1  Ingersoll-Rand Fin. Corp. v. Miller Mining Co., 817 F.2d 1424,

2  1427 (9th Cir. 1987) (citing Teachers Ins. & Annuity Ass'n of Am.

3  v. Butler, 803 F.2d 61, 65 (2d Cir. 1986)).  Likewise, the

4  automatic stay does not ordinarily apply to claims asserted by

5  the debtor.  See In re Merrick, 175 B.R. 333, 338 (B.A.P. 9th

6  Cir. 1994); see also Parker v. Bain, 68 F.3d 1131, 1137 (9th Cir.

7  1995) ("Multiple claim and multiple party litigation must be

8  disaggregated so that particular claims, counterclaims, cross

9  claims and third-party claims are treated independently when

10 determining which of their respective proceedings are subject to

11 the bankruptcy stay." (quoting and adopting Maritime Elec. Co. v.

12 United Jersey Bank, 959 F.2d 1194, 1204-05 (3d Cir. 1992)))

13 (internal quotation mark omitted).

14      In light of Mark Scott's and Gray Scott's bankruptcy

15 filings, the court requires briefing from the non-bankrupt

16 parties addressing the effect that § 362 has on future

17 proceedings in this action.  In their briefs, the parties shall

18 state their position and cite the authorities in support thereof.

19 The court cannot decide plaintiffs' motion until it decides the

20 effect of the automatic stay; accordingly, the hearing will be

21 continued to August 1, 2011.

22      IT IS THEREFORE ORDERED that the non-bankrupt parties

23 shall file briefs addressing the effect of 11 U.S.C. § 362 on

24 further proceedings in this action within fourteen days of the

25 date of this Order.  Corporate and partnership parties are

26 advised that they may appear only by counsel.

27      IT IS FURTHER ORDERED that the hearing on plaintiffs'

28 motion to strike and to enter default is continued to August 1,

3

2011, at 2:00 p.m.

DATED:  June 30, 2011

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE