UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| ZURICH AMERICAN INSURANCE COMPANY; AMERICAN GUARANTEE AND LIABILITY INSURANCE COMPANY; and AMERICAN ZURICH INSURANCE COMPANY,<br><br>          Plaintiffs,<br><br>     v.<br><br>TRANS CAL ASSOCIATES; TRANS CAL INSURANCE ASSOCIATES, INC.; SACRAMENTO SURPLUS LINES INSURANCE BROKERS, INC.; MARK SCOTT; GRAY SCOTT; and DOES 1-50,<br><br>          Defendants,<br>_____/<br>AND RELATED COUNTERCLAIMS AND THIRD-PARTY COMPLAINT.<br>_____/ | NO. CIV. 2:10-01957 WBS KJN<br><br>MEMORANDUM AND ORDER RE: BANKRUPTCY STAY AND MOTION TO STRIKE AND TO ENTER DEFAULT |

----oo0oo----

Plaintiffs Zurich American Insurance Company, American Guarantee and Liability Insurance Company, and American Zurich Insurance Company filed a complaint against defendants Trans Cal Associates, Trans Cal Insurance Associates, Inc. ("Trans Cal Insurance"), Sacramento Surplus Lines Insurance Brokers, Inc., Mark Scott, and Gray Scott, arising from defendants' alleged

1

failure to remit over $1.1 million in insurance premiums that defendants had allegedly collected for plaintiffs.  On May 18, 2011, plaintiffs and third-party defendant Zurich American Insurance Company of Illinois (collectively "Zurich") filed a motion to strike Trans Cal Associates, Trans Cal Insurance, and Sacramento Surplus's (collectively "entity defendants") Answer and Trans Cal Associates's Cross-Complaint and to enter their default for failure to retain counsel.  (Docket No. 70.)  The court had previously granted defendants' counsel's motion to withdraw on May 10, 2011.  (Docket No. 69.)

Following the filing of the motion to strike and to enter default, Mark Scott and Gray Scott (collectively "individual defendants") each filed bankruptcy under Chapters 7 and 13, respectively.  (Docket Nos. 72, 75.)  Mark Scott and Gray Scott have indicated that Zurich has filed complaints in both bankruptcy proceedings contesting the dischargeability of the debts owed to it.  (Docket No. 84.)

The court ordered the non-debtor parties to file briefs regarding the effect of the automatic stay pursuant to 11 U.S.C. § 362(a) on this action.  (Docket No. 74.)  Zurich and Mark Scott filed briefs.  (Docket Nos. 75-76.)  The entity defendants neither filed briefs with respect to the automatic stay nor filed a response to Zurich's May 18 motion to strike and to enter default.  An initial hearing on Zurich's motion to strike and to enter default was held on September 12, 2011, at which the court continued the motion for ninety days in order to give the entity defendants further time in which to retain counsel.  (Docket No.

2

82.)  On October 4, 2011, Mark Scott was granted a discharge.[1]

Recently, entity defendants' former attorney, David F. Anderson, filed a statement with the court indicating that he had been retained to appear on behalf of the individual defendants, and stating that "[i]f necessary and appropriate, in the future [he] will represent one or more of the defendant entities." (Docket No. 84 at 3:2-3.)  Mr. Anderson has not filed an appearance in this case.

I.    11 U.S.C. § 362(a)(1)

The automatic stay of § 362(a)(1) prohibits the "commencement or continuation . . . of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title."  11 U.S.C. § 362(a)(1).  Once a discharge is granted in a Chapter 7 or a Chapter 13 bankruptcy, a stay issued pursuant to § 362(a)(1) is lifted.  11 U.S.C. § 362(c)(1)(C).

Here, the individual defendants have filed for bankruptcy.  Mark Scott obtained a discharge on October 4, 2011. Accordingly, the claims against Gray Scott only are stayed under § 362(a)(1).  See 11 U.S.C. § 362(a)(1).

"In the absence of special circumstances, stays pursuant to [§] 362(a) are limited to debtors and do not include

---

[1] As the issuance of the discharge by the Bankruptcy Court of the Eastern District of California is a fact "not subject to reasonable dispute" because it is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201, the court will take judicial notice of it.

3

[claims against] non-bankrupt co-defendants." Ingersoll-Rand Fin. Corp. v. Miller Mining Co., 817 F.2d 1424, 1427 (9th Cir. 1987) (citing Teachers Ins. & Annuity Ass'n of Am. v. Butler, 803 F.2d 61, 65 (2d Cir. 1986)); see also Cohen v. Stratosphere Corp., 115 F.3d 695, 697 (9th Cir. 1997) ("The automatic stay does not preclude us from deciding this appeal with regard to all parties other than [the bankrupt party], and we now proceed to do so."). When possible, "[m]ultiple claim and multiple party litigation must be disaggregated so that particular claims, counterclaims, cross claims and third-party claims are treated independently when determining which of their respective proceedings are subject to the bankruptcy stay." Parker v. Bain, 68 F.3d 1131, 1137 (9th Cir. 1995) (quoting and adopting Mar. Elec. Co. v. United Jersey Bank, 959 F.2d 1194, 1204-05 (3d Cir. 1992)).

The entity defendants have not filed for bankruptcy, and so the claims against them are not automatically stayed by § 362(a)(1).

Gray Scott may be able to "extend" the automatic bankruptcy stay under the "unusual circumstances" exception, a possibility raised by both sides in their supplemental briefs on the effect of extending the automatic stay to this proceeding. "The courts have carved out limited exceptions . . . where: (1) 'there is such identity between the debtor and the third-party defendant that the debtor may be said to be the real party defendant and that a judgment against the third-party defendant will in effect be a judgment or finding against the debtor,' or (2) extending the stay against codefendants 'contributes to the

4

debtor's efforts of rehabilitation.'" <u>United States v. Dos Cabezas Corp.</u>, 995 F.2d 1486, 1491 n.3 (9th Cir. 1993) (quoting <u>A.H. Robins Co. v. Piccinin</u>, 788 F.2d 994, 999 (4th Cir. 1986); <u>Matter of S.I. Acquisition</u>, 817 F.2d 1142, 1147 (5th Cir. 1987)) (citations omitted); <u>see</u> <u>Queenie, Ltd. v. Nygard Int'l</u>, 321 F.3d 282, 287 (2d Cir. 2003) (staying the proceedings against not only the debtor individual defendant, but also the non-debtor corporation co-defendant that was wholly owned by him because the "claim against the non-debtor will have an immediate adverse economic consequence for the debtor's estate").

If the "unusual circumstances" exception applies, however, the weight of authority holds that it is the bankruptcy court that must extend the automatic stay, not this court. <u>See</u> <u>Placido v. Prudential Ins. Co. of Am.</u>, No. C 09-00668, 2010 WL 334744, at *1 (N.D. Cal. Jan. 22, 2010) (relying on <u>Boucher v. Shaw</u>, 572 F.3d 1087, 1093 n.3 (9th Cir. 2009)); <u>Alvarez v. Bateson</u>, 932 A.2d 815, 821 (Md. Ct. Spec. App. 2007) ("[T]he weight of authority holds that, in order for an automatic stay pursuant to section 362 to be applied to a non-bankrupt co-defendant, the debtor must request and obtain a stay from the bankruptcy court where the current action is pending.").

II.  <u>11 U.S.C. § 362(a)(3)</u>

Section 362(a)(3) prohibits "any act to obtain possession of property of the [bankruptcy] estate or of property from the estate or to exercise control over property of the estate."  11 U.S.C. § 362(a)(3); <u>see</u> 11 U.S.C. § 541 (defining property of the estate).  A stay issued under § 362(a)(3) "continues until such property is no longer property of the

estate." 11. U.S.C. § 362(c)(1). "The question of what constitutes property of the estate under § 541 is a federal question, although bankruptcy courts will look to state law for assistance in answering that question." In re Loughnane, 28 B.R. 940, 942 (Bankr. D. Colo. 1983).

As discussed above, the bankruptcy court issued Mark Scott a discharge on October 4, 2011, terminating the automatic stay that was in place pursuant to § 362(a)(1). The trustee for his bankruptcy estate has filed a Notice of Assets,[2] however, indicating that there are assets remaining in the estate so that the automatic stay under § 362(a)(3) remains in effect. In re Spirtos, 221 F.3d 1079, 1081 (9th Cir. 2000) (noting that "[s]o long as there are assets in the estate, then, the stay [as to the property of the estate] remains in effect"). If Zurich were to obtain a judgment in its favor against Mark Scott, it would turn to the bankruptcy estate in order to collect on that debt. Accordingly, the automatic stay as to Zurich's claims against Mark Scott remains in place unless and until Zurich obtains relief from the stay from the bankruptcy court.

III. Claims Against the Entity Defendants

The claims that Zurich brings against the entity defendants and the individual defendants arise out of the same set of facts--the defendants' alleged failure to remit over $1.1 million in insurance premiums that defendants had allegedly

---

[2] As this is a fact "not subject to reasonable dispute" because it is "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201, the court will take judicial notice of it.

6

collected for plaintiffs.  Four of the six claims (breach of fiduciary duty, conversion, fraud, and accounting) are asserted against all defendants, and while the remaining two claims (breach of contract and breach of the implied covenant of good faith and fair dealing) are not asserted against all defendants, they are asserted against both entity and individual defendants.  Trans Cal Associate's counterclaim also arises from the same conflict over collected premiums.

If the court were to permit Zurich to proceed with its claims against the entity defendants only and Trans Cal Associates to proceed with its counterclaim, a later trial of the claims against the individual defendants would involve the relitigation of most if not all of the issues litigated in the first proceeding involving the entity defendants.  The court finds that the better course is to stay the claims against the entity defendants and the counterclaims brought by Trans Cal Associates pursuant to the court's inherent authority.  See Mediterranean Enters., Inc. v. Ssangyong Corp., 708 F.2d 1458, 1465 (9th Cir. 1983) (A "trial court may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case."); see, e.g., SCI Northbay Commerce Fund 4, LLC v. SCI Real Estate Invs., LLC, No. 8:11-cv-31, 2011 WL 1133898, at *1 (M.D. Fla. Mar. 28, 2011) ("The Court concludes that a stay of Plaintiffs' claims against Adelman are appropriate, in the interests of judicial economy and under the Court's inherent authority to manage its cases."); Beardsley v. All Am. Heating,

7

1 Inc., No. C05-1962P, 2007 WL 1521225, at *2 (W.D. Wash. May 22,
2 2007) ("[E]ven if the automatic stay does not extend to all of
3 AAH's co-defendants, the Court has inherent authority to stay
4 this litigation in its entirety.").

5       The parties do not give an estimate of when the
6 bankruptcy proceedings will be concluded.  As it appears that the
7 action will be stayed due to the bankruptcy proceedings for the
8 foreseeable future, this case shall be ordered administratively
9 closed.  See Dees v. Billy, 394 F.3d 1290, 1294 (9th Cir. 2005)
10 ("[T]he 'effect of an administrative closure is no different from
11 a simple stay, except that it affects the count of active cases
12 pending on the court's docket; i.e., administratively closed
13 cases are not counted as active.'" (discussing and quoting Mire
14 v. Full Spectrum Lending Inc., 389 F.3d 163, 167 (5th Cir.
15 2004))).

16       IT IS THEREFORE ORDERED that this action is STAYED
17 pending resolution of the debtor individual defendants'
18 bankruptcy proceedings.  The Clerk of Court is instructed to
19 administratively close this case, to be reopened after the
20 conclusion of the bankruptcy proceedings upon written request and
21 application of the parties and order of this court.

22       IT IS FURTHER ORDERED that Zurich's motion to strike
23 and to enter default be, and the same hereby is, DENIED without
24 prejudice to renewal.

25 DATED:     December 15, 2011

_____
WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE